IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN R. DUDERSTADT, :

       Plaintiff, : Case No. 3:13cv302

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

       Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY AND OVERRULING DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING THE DECISION OF THE DEFENDANT COMMISSIONER THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS UNDER A DISABILITY WITHIN THE MEANING OF THE SOCIAL SECURITY ACT; AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THE REPORT AND RECOMMENDATIONS, TERMINATION ENTRY

---

       Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On July 15, 2014, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's finding that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated; that no finding be made as to whether Plaintiff was under a disability within the meaning of the Social Security Act; and

that the captioned cause be remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings consistent wtih the Report and Recommendations. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #13) and in the Plaintiff's Reply to Defendant's Objections to that judicial filing (Doc. #15), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #14) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated; no finding is made as to whether Plaintiff is under a disability within the meaning of the Social Security Act; and the captioned cause is remanded to the Defendant Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendations.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir.

-3-

1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In this Court's opinion, the Administrative Law Judge erred in rejecting the opinion of Plaintiff's treating physician, Dr. Chan, and in failing to properly weigh the opinions of the consultative psychologist, Dr. Schultz, and the opinions of non-examining reviewers, psychologists, Drs. Haskins and Tangeman. Moreover, the Administrative Law Judge failed to appropriately weigh the opinion of "non-acceptable source," Mark K. Schweikert, in accordance with the Commissioner's Regulations and Rulings.

2. Finally, the Administrative Law Judge erred in stopping the sequential analysis at Step 2, as to Plaintiff's mental impairments. Accordingly, there has been no resolution as to the degree to which Plaintiff's mental impairments, erroneously recognized by the Administrative Law Judge as non-severe, singularly or in combination with each other and with his recognized severe

physical impairments, affect his Residual Functional Capacity or his ability to perform work. These factual determinations must be made by the hearing officer in the first instance. The Administrative Law Judge did not describe any non-exertional limitations nor properly consider his mental health limitations in the Residual Functional Capacity.

      3.      In this matter, remand for further administrative proceedings, rather than one for the immediate payment of benefits, is proper, given that the evidence of disability is not overwhelming, and because the evidence of a disability is not strong while contrary evidence is weak. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). On remand, the Administrative Law Judge is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; to evaluate Plaintiff's disability claim under the required five step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for benefits consistent with the Social Security Act should be granted. It goes without saying that the Administrative Law Judge must revisit the issue of whether Plaintiff's impairment of a mental nature, if any, is such as to pass the de minimus standard to be classified as severe.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #14) are overruled. Judgment will be ordered

entered in favor of the Plaintiff and against Defendant Commissioner, vacating the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act; making no finding as to whether Plaintiff was under a disability within the meaning of the Social Security Act; and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as set forth above.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 29, 2014

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record