IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEPHEN R. DUDERSTADT, :

    Plaintiff, : Case No. 3:13cv00302

vs. : District Judge Walter Herbert Rice
Chief Magistrate Judge Sharon L. Ovington

CAROLYN W. COLVIN, :
Acting Commissioner of the Social
Security Administration, :

    Defendant. :

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the parties' Joint Stipulation For Award Of Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412. (Doc. #18). The parties agree that Plaintiff is entitled to an award of attorney fees under the EAJA in the total amount of $5,650.00. The parties also agree that such an award will fully satisfy all of Plaintiff's claims for EAJA fees, costs, and expenses.

Under the parties' agreement, if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, *see Astrue v. Ratliff*, 560 U.S. 586 (2010), Defendant agrees to direct that the EAJA award be made payable to Plaintiff's attorney pursuant to the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

EAJA assignment duly signed by Plaintiff and counsel.

Accordingly, the Court hereby **RECOMMENDS** that:

1. The parties' Stipulation for Award Of Attorney Fees under the Equal Access to Justice Act (Doc. #18) be accepted, and Defendant be directed to pay Plaintiff's attorney fees under 28 U.S.C. §2412 in the total amount of $5,650.00;

2. The parties' counsel verify, **within thirty days** of a Decision and Entry adopting this Report and Recommendations, whether or not Plaintiff owes a pre-existing debt to the United States subject to offset.  If no such pre-existing debt exists, Defendant's agreement to pay the EAJA award directly to Plaintiff's attorney should be accepted; and

3. The case remain terminated on the docket of this Court.


December 29, 2014

                                            s/Sharon L. Ovington
                                               Sharon L. Ovington
                                   Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).